**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4370**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD LEE ALSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:98-cr-00148-BO-3)

Submitted:  November 30, 2007      Decided:  December 14, 2007

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Lee Alston appeals the sentence of thirty-six months imposed upon revocation of his supervised release. Because we conclude that the sentence is not plainly unreasonable, we affirm.

Alston's supervision began in January 2005. He was subsequently convicted on state charges and sentenced to 120 days in state custody. His probation officer moved for revocation of release on the ground that Alston had violated a condition of release by engaging in criminal conduct. At a hearing, Alston admitted that he had committed the violation. His attorney argued that Alston's age, work experience, clean drug record, and educational level were grounds for a lenient sentence. The district court expressed its surprise that Alston received only 120 days for the state offense. The court revoked Alston's release and sentenced him to thirty-six months in prison, within the recommended guideline range of thirty to thirty-seven months.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Alston contends that his sentence is plainly unreasonable because it was designed to punish new criminal conduct, which the district court felt had been inadequately sanctioned by the State of North

Carolina.  We note that Alston's contention is pure speculation; the district court never stated that the term of imprisonment was intended as punishment for the state offense.  Having reviewed the record, we conclude that the sentence is not plainly unreasonable.

We therefore affirm.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED